**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **ROBERT "BOB" FRENCH** | § | |
| | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | **CIVIL ACTION NO. 4:14-CV-2146** |
| | § | |
| **GRAY TELEVISION GROUP, INC.** | § | |
| **D/B/A KBTX NEWS 3** | § | **USDJ:** |
| | § | **USMJ:** |
| | § | |
| the Defendant. | § | *Jury Trial* |

## ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff, ROBERT "BOB" FRENCH (hereinafter "Plaintiff" or "French"), and files this, his Original Complaint against GRAY TELEVISION GROUP, INC. d/b/a KBTX NEWS 3 (hereinafter, the "Defendant" or "KBTX") and in furtherance thereof, would respectfully show unto this Court as follows:

# I.

# **PARTIES**

1. Plaintiff, ROBERT "BOB" FRENCH is an adult resident citizen of Brazos County, Texas.  French is an "eligible employee" under the Family and Medical Leave Act of 1993 as he worked for a covered employer at all times pertinent to this suit, was employed for that employer for more that 12 months, had been employed for at least 1,250 hours of service in that 12 months and had been employed at a worksite where the employer had 50 or more employees within a 75 mile radius.  Further, the employer acknowledged that French was eligible for Family and Medical Leave Act of 1993 coverage by 29 C.F.R. 825.110(d), or alternatively, the employer represented that such was the case.

2. Defendant, GRAY TELEVISON GROUP, INC. d/b/a KBTX NEWS 3 is a Delaware Corporation with its principal place of business in Albany, Georgia but that owns and operates a television station in Brazos County, Texas and which can receive service of process by and through it agent for service of process in Texas, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas  75201.  KBTX has more than 20 employees and is an "employer" within the meaning of the Texas Labor Code Sections

21.051-.053, the Americans with Disabilities Act ("ADA"), the Age Discrimination in Employment Act ("ADEA") and all applicable laws. KBTX is actively engaged in commerce or in an industry affecting commerce and has employed 50 or more employees during each of 20 or more calendar workweeks in the current or preceding calendar year and is therefore an "employer" within the meaning of the Family and Medical Leave Act of 1993 ("FMLA"), Section 2611(4)(A)(i); 29 C.F.R. Sec.825.104(a), or alternatively, represented that such was the case.

## II.

### JURISDICTION, VENUE AND DISCOVERY PLAN

3. All or part of the complained of transactions occurred in Texas, and the amount in controversy exceeds the Court's minimum jurisdiction. Plaintiff asserts Federal Question jurisdiction.

4. Venue is generally proper in the Houston Division of the Southern District of Texas as the events giving rise to the cause of action in this lawsuit occurred, in whole or in substantial part, within the Southern District of Texas and in the parameters of the Houston Division.

5. All conditions precedent to jurisdiction have occurred or have been met.

6. A charge of employment discrimination on the basis of disability, age and

retaliation was filed on or about November 20, 2013 with the Equal Employment Opportunity Commission (the "EEOC") and the Texas Workforce Commission within 300 days of the commission of the unlawful employment practices alleged in this Complaint.

6. The EEOC notification of right to sue was mailed on May 29, 2014.

8. This Complaint has been filed within both 60 and 90 days of the receipt of the EEOC's notification of right to sue.

9. The Plaintiff, having exhausted all administrative remedies, now files his lawsuit against the Defendant for Breach of Contract; Disability and Age harassment and discrimination, and Retaliation, as well as for violations of the FMLA (denial of and interference with rights and retaliation).

## III.

## GENERAL FACTS

10. Robert "Bob" French, was an employee at KBTX for 23 years as the on-air Weathercaster and Chief Meteorologist.  With Bob French as the Chief Meterologist, KBTX was the "market leader" in ratings[1].  French was at all relevant times over the age of 40 years and disabled.

---

[1] Mike Wright, General Manager, KBTX, announcement of Shel Winkley as the replacement of Bob French as Chief Meteorologist.

11. French was employed pursuant to an Employment Contract that states that French can be terminated only if A. French refuses to discharge his duties, B. commits a material breach of his duties or C. commits gross misconduct by i. securities fraud, ii. criminal conviction, iii., being immoral in a way that offends the community or reduces KBTX's name, iv., attending work under the influence of alcohol or illegal drug, v. assault or vi. material violation of company policy.  None of these were identified with any support as a reason for terminating French's employ.

12. French was instead singled out for termination and was let go from his job based upon his age, his disability and his having taken FMLA leave.

13. After having worked continually through the Christmas and New Year's holidays of 2012 while younger on-air staff were allowed to take vacation, French had a mental disease resulting in his inpatient and outpatient care in early 2013.  According to the Americans with Disabilities Amendments Act of 2008, this mental disease is a disability – he was clinically diagnosed with exhaustion and depression.  Instead of working with French, KBTX reprimanded him for the effects of the disability by placing him on a Personal Improvement Plan or "PIP".  Ultimately, instead of engaging in the interactive process to accommodate French due to that disability, KBTX

terminated his employment for having the disability and without having been accommodated.

14. Furthermore, French had been given FMLA leave beginning in January 2013. That leave was dated from January 9, 2013. Upon the very week he returned from FMLA leave in April 2013, French was given the above-referenced PIP complaining of occurrences from January 8-January 14, 2013 *during the time he was on medical leave*. Those occurrences, though greatly exaggerated by the PIP, were directly related to the medical issues that were the cause of his need of FMLA leave. By January 15, 2013, French was in inpatient care in Houston, Texas. By January 30, 2013, KBTX was advertising an opening for a full-time meteorologist position, but according to Mike Wright, General Manager for KBTX, "[i]t is a coincidence[2], as this position was supposed to have been posted a couple of weeks back." This was no coincidence.

15. Instead of being returned to his position as Chief Meteorologist on his return from leave, French returned with the specter of discipline in the form of the PIP over his head which included written reprimands related to his medical issues. KBTX did nothing to engage in any interactive process with French

to see what accommodations might be required to allow him to return to full work status as a disabled worker. Instead, on July 5, 2013, barely six weeks after his return and without additional feedback, KBTX terminated French from his employment as the well-known and well-respected Chief Meteorologist at KBTX. There were no reports of any additional wrongs of French. Instead, he was simply fired.

16. French was offered two months of severance pay – the exact amount set out under his employment agreement for a 'no cause' termination – an admission that there was no cause for KBTX to terminate him. If there had been a contractual cause for termination, French would have been offered no contractual severance whatsoever. However, KBTX's clear violations of the FMLA, the "ADEA", the ADA and the employment contract terms themselves show that KBTX illegally terminated French from his employment.

17. KBTX fired French because, after his length of service and his age, his health slipped and he needed KBTX to work with him and to accommodate him, ever so briefly, so that he could perform the essential functions of his

---

[2] The relationship of the posting of a full-time meteorologist position and Bob French's FMLA leave due to disability.

position after his FMLA leave.  KBTX merely was looking to get rid of the 'old man', and used his disability and FMLA leave as the means to do it.

18. KBTX replaced French with a person with vastly fewer qualifications, Shel Winkley.  Winkley's qualifications were however that he was much younger (well under 40), without a disability and had not exercised his FMLA leave rights.

## IV.

## FIRST CAUSE OF ACTION

### Discrimination in Employment
### Disability Discrimination

19. Plaintiff adopts by reference and realleges each and every allegation of all paragraphs of all counts of this Complaint the same as though specifically set out herein again.

20. This action arises in part under the Texas Labor Code §21.051, §21.055, §21.105, the Americans with Disabilities Act, 42 USC §12101 and §12102(2)(c) (with all amendments thereto), and to the extent applicable also under the Texas Constitution Article I, §3a known as the "Texas Equal Rights Amendment".

21. This suit is brought seeking legal and equitable remedies.

22. Furthermore, this suit includes any other cause of action set out within this petition and subsequent supplements and/or amendments. KBTX, through its agents or supervisors, engaged in a pattern and practice of unlawful disability discrimination.

23. Defendant at all times relevant hereto had actual and constructive knowledge of the conduct described herein and it was a motivating factor for the actions taken.

24. Furthermore, KBTX is liable for the conduct of its employees, officers, agents, representatives and superiors due to the doctrine of *respondeat superior*.

25. KBTX failed to comply with the duty to take all reasonable and necessary steps to eliminate discrimination from the workplace and to prevent it from occurring in the future. French was replaced by a non-disabled person.

26. Not only did KBTX not take remedial action sufficient to stop this discrimination, but by and through its employees, officers and supervisors, agents and representatives, aided and abetted this discrimination by inciting and encouraging additional discrimination as well as retaliation against its victim.

27. Plaintiff alleges that, in addition to the practices enumerated above KBTX has engaged in other discriminatory practices against him which are not yet fully known. At such time as said discriminatory practices become known to him, he will amend this pleading, and reserves his right to do so.

28. KBTX further failed to reasonably accommodate the Plaintiff despite the fact that at all material times he could perform the essential functions of his position with reasonable accommodations, primarily in scheduling.

29. As a direct and proximate result of KBTX's willful, knowing and intentional discrimination against him, Plaintiff has suffered mental anguish and emotional distress; and has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities and is thereby entitled to general and compensatory damages.

30. Plaintiff alleges that the outrageous conduct of KBTX described herein was done with fraud, oppression and malice; with a conscious disregard for his rights; and with the intent, design and purpose of injuring him. Through its officers, agents and/or its supervisors, KBTX authorized, condoned and/or ratified this unlawful conduct. By reason thereof, Plaintiff is entitled to punitive and/or other exemplary damages.

## V.

## SECOND CAUSE OF ACTION

### Discrimination in Employment
### Age Discrimination

31. Plaintiff adopts by reference and realleges each and every allegation of all paragraphs of all counts of this Complaint the same as though specifically set out herein again.

32. This action arises in part under the Texas Labor Code §21.051, §21.055, §21.105 and to the extent applicable also under the Texas Constitution Article I, §3a known as the "Texas Equal Rights Amendment" and under Title VII.

33. This suit is brought seeking legal and equitable remedies.

34. KBTX at all times relevant hereto had actual and constructive knowledge of the conduct described herein and it was a motivating factor for the actions taken.

35. Furthermore, KBTX is liable for the conduct of its employees, officers, agents, representatives and superiors due to the doctrine of *respondeat superior*.

36. KBTX failed to comply with the duty to take all reasonable and necessary steps to eliminate discrimination from the workplace and to prevent it from occurring in the future. French was replaced by a person under the age of 40 or significantly younger than he.

37. Not only did KBTX not take remedial action sufficient to stop this discrimination, but by and through its employees, officers and supervisors, aided and abetted this discrimination by inciting and encouraging additional discrimination as well as retaliation against their victim.

38. Plaintiff alleges that, in addition to the practices enumerated above, KBTX has engaged in other discriminatory practices against him which are not yet fully known. At such time as said discriminatory practices become known to him, he will amend this pleading, and reserves his right to do so.

39. As a direct and proximate result of KBTX's willful, knowing and intentional discrimination against him, Plaintiff has suffered mental anguish and emotional distress; and has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities and is thereby entitled to general and compensatory damages.

40. Plaintiff alleges that the outrageous conduct of KBTX described herein was done with fraud, oppression and malice; with a conscious disregard for her

rights; and with the intent, design and purpose of injuring him. Through its officers, agents, representatives and/or its supervisors, KBTX authorized, condoned and/or ratified this unlawful conduct. By reason thereof, Plaintiff is entitled to punitive and/or other exemplary damages.

## VI.

## THIRD CAUSE OF ACTION

### Discrimination in Employment
### Retaliation

41. Plaintiff adopts by reference and realleges each and every allegation of all paragraphs of all counts of this Complaint the same as though specifically set out herein again.

42. This action arises in part under the Texas Labor Code §21.051, §21.055, §21.105 and to the extent applicable also under the Texas Constitution Article I, §3a known as the "Texas Equal Rights Amendment" and Title VII.

43. This suit is brought seeking legal and equitable remedies.

44. Furthermore, this suit includes any other cause of action set out within this petition and subsequent supplements and/or amendments. KBTX, through its agents, representatives, employees or supervisors, engaged in a pattern and practice of retaliation.

45. KBTX at all times relevant hereto had actual and constructive knowledge of the conduct described herein and it was a motivating factor for the actions taken.

46. Furthermore, KBTX is liable for the conduct of its employees, officers, agents, representatives and superiors due to the doctrine of *respondeat superior*.

47. KBTX failed to comply with the duty to take all reasonable and necessary steps to eliminate discrimination from the workplace and to prevent it from occurring in the future.

48. KBTX did not take remedial action sufficient to stop this retaliation, but by and through its employees, officers and supervisors, aided and abetted it.

49. Plaintiff alleges that, in addition to the practices enumerated above, KBTX has engaged in other retaliatory discriminatory practices against him which are not yet fully known.  At such time as said discriminatory practices become known to him, he will amend this pleading, and reserves his right to do so.

50. As a direct and proximate result of KBTX's willful, knowing and intentional retaliation against him, Plaintiff has suffered mental anguish and emotional distress; and has suffered and will continue to suffer a loss of earnings and

other employment benefits and job opportunities and is thereby entitled to general and compensatory damages.

51. Plaintiff alleges that the outrageous conduct of KBTX described herein was done with fraud, oppression and malice; with a conscious disregard for his rights; and with the intent, design and purpose of injuring him. Through its officers, agents, representatives and/or its supervisors, Defendant authorized, condoned and/or ratified this unlawful conduct. By reason thereof, Plaintiff is entitled to punitive and/or other exemplary damages.

## VII.

## FOURTH CAUSE OF ACTION

## Violations of the Family and Medical Leave Act

52. Plaintiff adopts by reference and realleges each and every allegation of all paragraphs of all counts of this Complaint the same as though specifically set out herein again.

53. This action arises in part under 29 USC Sec. 2614(a)(1), (2) and 29 USC Sec. 2615(a)(1),(2) as French's rights under the FMLA were interfered with by the Defendant and as the Defendant discriminated against/retaliated against him for using FMLA leave.

54. The Defendant violated the FMLA by:

    A.    Refusing to allow French to permanently return to work on the conclusion of his FMLA leave and depriving him of pay and benefits thereby;

    B.    Causing French to be reprimanded and otherwise subject to discipline while and/or as a result of taking FMLA leave;

    C.    Causing French to be subject to harassment and additional scrutiny as a result of exercising FMLA rights, and

    D.    Terminating French's employment as a result of his use of FMLA leave.

55. The above actions and inactions interfered with, restrained and denied French his rights under the FMLA.

56. Further the actions and inactions above were discrimination and in retaliation for French taking FMLA leave and for asserting his rights under the FMLA.

57. French has been damaged and is therefore entitled to the following as damages:

    a.    wages and benefits (front and back);

    b.    reasonable and necessary attorneys' fees, expenses and costs of court, and

    c.    Pre- and Post-judgment interest at the highest legal rate.

58. Further, subject to pleading and proof of the Defendant, French is entitled to additional liquidated damages equal to the sum of lost wages/benefits and interest.

59. KBTX is vicariously liable for the acts of its employees.

60. Furthermore, KBTX is liable for the conduct of its employees, officers, agents, representatives and superiors due to the doctrine of *respondeat superior* and KBTX has ratified such actions and inactions.

## VIII.

## FIFTH CAUSE OF ACTION

### Breach of Contract

61. Plaintiff adopts by reference and realleges each and every allegation of all paragraphs of all counts of this Complaint the same as though specifically set out herein again.

62. French and KBTX had a contract by which French was employed. French was fired in breach of such contact and as a result has been damaged.

63. Those damages include loss of income and other damages related to the loss of his job and benefits.

## IX.

## ATTORNEYS' FEES, COSTS AND EXPENSES

64. As a further direct and proximate result of Defendant's violations of law, as heretofore described, the Plaintiff has been compelled to retain the services of counsel in an effort to protect his rights, and has thereby incurred, and will continue to incur, legal fees and costs, the full nature and extent of which are presently unknown to the Plaintiff. The Plaintiff requests that attorneys' fees, costs and expenses (including but not limited to expert witness fees) be awarded pursuant to all applicable laws.

## X.

## JURY TRIAL REQUESTED

65. Plaintiff requests a jury in this case.

## XI.

## AD DAMNUM

66. WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon notice and hearing that judgment be entered in his favor and against Defendant, for general and compensatory damages; exemplary and punitive damages; liquidated damages, pre-judgment and post-judgment interest as allowed by law; attorneys' fees; costs; and expenses. Plaintiff further

requests all equitable relief allowed under law, including injunctive relief should that be sought. Should further actions of the Defendant require additional equitable/injunctive relief, the plaintiff hereby prays for that relief.

        Respectfully submitted,

_____
Charles H. Peckham
TBN: 15704900
FBN: 15770
cpeckham@peckhampllc.com

Mary A. Martin
TBN:  00797280
FBN:  12272
mmartin@peckhampllc.com

Peckham, PLLC
Two Bering Park
800 Bering Drive, Suite 220
Houston, Texas  77057
(713) 574-9044
(713) 493-2255 – facsimile

**COUNSEL FOR PLAINTIFF**